IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                              )
        v.                    )  Criminal No. 01-125
                              )
JOHN L. McDONALD              )

### MEMORANDUM AND ORDER OF COURT

Presently before the court is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 (Document No. 78) filed by John L. McDonald ("petitioner"). Because petitioner failed to file his petition within the one-year statute of limitations period applicable under §2255, the petition will be dismissed.[1]

On July 12, 2001, a grand jury returned a twenty-two count indictment against petitioner charging him with making false statements to obtain federal employee's compensation benefits in violation of 18 U.S.C. §1920 (Counts One through Eighteen) and with mail fraud in violation of 18 U.S.C. §1341 (Counts Nineteen through Twenty-Two). On March 8, 2002, following a three-day trial, a jury found defendant guilty on all twenty-two counts.

---

[1] Pursuant to Rule 8(a) of the Rules Governing §2255 Proceedings, the court finds that no evidentiary hearing on petitioner's motion is required. Where the record affirmatively indicates that a movant's claim for relief is without merit, the claim may be decided on the record without a hearing. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972). Here, the record affirmatively establishes as a matter of law that petitioner's claim for relief is time barred and thus no hearing is required.

On August 20, 2002, this court sentenced defendant to a term of probation of one year at each of Counts One through Five to run consecutively; one year at each of Counts Six through Eighteen to run concurrently; and five years at each of Counts Nineteen through Twenty-Two to run concurrently with each other and with the probationary terms imposed at Counts One through Five.

Defendant subsequently took a timely direct appeal from his conviction and sentence raising three arguments: (1) that his false statements were not material and therefore there was insufficient evidence to sustain a conviction on the false statement counts; (2) that this court erred in refusing to grant a requested jury charge; and, (3) that his conviction on the mail fraud counts resulted from the improper admission of hearsay evidence regarding the mailing element.  On June 4, 2003, the United States Court of Appeals for the Third Circuit rejected each of these arguments and affirmed petitioner's conviction and sentence.

Petitioner's pending §2255 motion seeks relief on the identical three grounds that he raised on direct appeal. Specifically, petitioner asserts that: (1) his false statements were not material; (2) his constitutional rights were violated when the court refused his proposed jury charge; and, (3) the government failed to prove the mailing element of the mail fraud counts.  Upon review of petitioner's motion and the government's response, this court finds that petitioner is procedurally barred from seeking §2255 relief on any ground because petitioner failed

to file his petition within the one-year statute of limitations period applicable to §2255 claims.

The Anti-Terrorism and Effective Death Penalty Act, effective April 24, 1996, amended §2255 to provide in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

"This provision creates a statute of limitations for federal defendants who attempt to collaterally attack their conviction and/or sentence pursuant to §2255." Kapral v. United States, 166 F.3d 565, 567 (3d Cir. 1999).

Here, petitioner's judgment of conviction became final on September 2, 2003, upon the expiration of the ninety-day period in which he had to file a petition for certiorari to the United States Supreme Court from the Third Circuit's decision affirming

petitioner's judgment and conviction on June 4, 2003.  See United States v. Davies, 394 F.3d 182, 186 n. 2 (3d Cir. 2005)(judgment of conviction becomes final when time for seeking certiorari review expires).

However, petitioner did not file his pending §2255 petition until February 6, 2007, almost three-and-a-half years after his judgment of conviction became final.  Moreover, petitioner has made no attempt to assert that any sort of unconstitutional governmental action impeded his ability to timely file his petition, nor that he is asserting a newly-recognized constitutional right made retroactively applicable to cases on collateral review, nor that the facts underlying his grounds for relief could not have been discovered by due diligence, any of which may have permitted tolling of the limitations period.

Instead, petitioner merely makes the bald, conclusory statement that "extraordinary circumstances, such as ineffective assistance of counsel" prevented him from filing his petition on time.  These types of unsupported assertions, with no explanation, are insufficient to merit further investigation, to require an evidentiary hearing, or otherwise to salvage an untimely filed petition.  See, e.g., Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3d Cir. 1991).

Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit directs that when a final order denying a motion under §2255 is entered a determination of whether a certificate of appealability should issue also must be made.

Where, as here, a court denies relief on procedural grounds, a petitioner is entitled to a certificate of appealability only if he can demonstrate <u>both</u> that jurists of reason would find it debatable whether the petition states a valid claim of a denial of a constitutional right <u>and</u> that jurists of reason would find the correctness of the district court's procedural ruling debatable. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Here, no reasonable jurist would argue that a petition filed over two-and-a-half years beyond the limitations period, without adequate explanation or without offering any basis upon which the limitations period may have been tolled, is not time barred. <u>Slack</u>, 529 U.S. at 484 (where a plain procedural bar is present and a district court is correct to invoke it to dispose of a case, a reasonable jurist could not conclude either that the district court erred in dismissing it or that the petitioner should be allowed to proceed further, and therefore no appeal would be warranted). Accordingly, petitioner's request for a certificate of appealability will be denied.

For the reasons set forth above, petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 will be dismissed. Additionally, petitioner's incorporated request for a certificate of appealability also will be denied.

An appropriate order follows.

Dated: _October 31, 2007_              _Gustave Diamond_
                                        Gustave Diamond
                                        United States District Judge

ORDER OF COURT

AND NOW, this 31st day of October, 2007, for the reasons set forth above, IT IS ORDERED that petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 and supplemental petition (Document No. 78) be, and the same hereby is, dismissed; and,

IT FURTHER IS ORDERED that the incorporated request for a certificate of appealability be, and the same hereby is, denied.


Gustave Diamond
United States District Judge


cc:   Tina O. Miller
      Assistant United States Attorney

      David L. Engler, Esq.
      Engler & Associates
      860 Boardman-Canfield Road
      Suite 204
      Boardman, OH 44512

AO 72
(Rev. 8/82)